IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHANITA GATES | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-242 |
| | § | |
| MARINER ENERGY, INC. and, | § | |
| TRICO MARINE OPERATIONS, INC. | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MARINER ENERGY'S MOTION FOR SUMMARY JUDGMENT AND GRANTING TRICO MARINE OPERATORS' MOTION FOR SUMMARY JUDGMENT

This case arises out of injuries allegedly suffered by Shanita Gates while employed aboard a vessel owned by Trico Marine Operators Inc. ("Trico") and chartered by Mariner Energy, Inc. ("Mariner"). Pursuant to indemnity provisions in the charter agreement, Trico alleges that Mariner is required to indemnify it for any claims against Trico by Gates. Mariner disagrees. Both Parties have filed Motions for Summary Judgment on the issue of indemnity. For the reasons outlined below, Mariner's Motion is **DENIED**, and Trico's Motion is **GRANTED**.[1]

**I. Background**

At the time of her alleged injury, Gates was an employee for a tank cleaning company, MacNett Environment Services, Inc. Gates alleges that she fell down a permanently affixed ladder while working aboard the RUBY RIVER, a vessel owned by Trico. At the time of Gates's injury, Mariner was a time-charterer of the RUBY RIVER. Gates alleges that the ladder was poorly

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

constructed and that such construction led to her injury.

Gates initially sued only Mariner, but later added Trico as a Defendant in this suit. Trico asserted a cross-claim for indemnity against Mariner. Gates later dropped her claims against Mariner, but the claim by Trico is still extant in the case. Mariner has moved for summary judgment arguing that it does not owe any indemnity to Trico. Trico filed a cross-motion arguing the opposite.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252, 106 S. Ct. at 2512. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## III. Analysis

Mariner and Trico agree that Gates was not a Jones Act seaman at the time of her alleged

injury.[2]  Without a viable Jones Act claim, Gates's remedy is limited to a cause of action for negligence against the vessel owner under the Longshore and Harbor Worker's Compensation Act. *See* 33 U.S.C. § 905(b).  In this case, Trico is the vessel owner and would normally be the party liable under Section 905(b).  However, the Time Charter entered into by Trico and Mariner contains an indemnity provision, the interpretation of which is dispositive of this Motion.  The Time Charter reads, in relevant part:

> Neither Owner [Trico], its officers, directors, employees, the vessel, her owners, operators, master, and crew, nor the underwriters of any of the foregoing shall have any responsibility or liability for any claim involving damage to or loss of any property or equipment of Charterer [Mariner], or Charterer's other contractors, or cargo and/or equipment carried by the vessel, or for any injury, illness, disease or death of employees of Charterer, its other contractors, or their employees or agents, and Charterer shall defend, indemnify, and hold harmless Owner, its officers, directors, employees, the vessel, its owners, operators, master, and crew, and the underwriters of each of the foregoing from and against any such claim, whether groundless or not, and **whether caused in whole or in part by the negligence or faults of indemnities [sic] other than gross negligence or intentional misconduct or by unseaworthiness of the vessel or equipment of Owner, Owner's property and Owner's subcontractor's employees or property.**  It is expressly understood that Charterer shall insure its obligations assumed under this paragraph.

(emphasis added). Gates was an employee of one of Mariner's contractors, so she is within the group of people whose claims are covered.  Her lawsuit alleges personal injury, so it is within the type of claim covered by the indemnity.  The only dispute is whether it was caused by something that is covered by the indemnity.

Gates's injury was allegedly caused by a poorly constructed ladder, i.e. "equipment of the Owner" or "Owner's property."  Injuries caused by the owner's property are mentioned in the bold section of the indemnity paragraph quoted above.  The dispute between Trico and Mariner is whether

---

[2] The Court assumes that Gates is not a Jones Act seaman for the purposes of this Motion. However, since Plaintiff has not engaged in any briefing on this issue, the Court is making no such finding at this time.

it is included in Mariner's indemnification obligations or is part of a list of exclusions. Mariner essentially argues that everything in that sentence after the words "other than" is an exclusion to the indemnity provision. This is a tortured reading of the sentence. The obvious and unambiguous meaning of the provision is to include claims of this nature.

The phrase "other than gross negligence or intentional misconduct" is inserted exclusively as a modification of the phrase "negligence or faults of indemnities [sic]." Meaning that the indemnity covers claims for negligence unless it is a claim of gross negligence or intentional misconduct. Claims for gross negligence or intentional conduct are excluded. However, the modifying phrase "other that gross negligence or intentional misconduct" is clearly separated from the rest of the sentence by the phrase "or by." Everything after the phrase "or by" is an addition to the list of items covered by the agreement.

The Court does not find that this is a well-written indemnity clause. However, it is one that can be clearly understood by diagraming the sentence, as may be required by a high school English instructor. Specifically, the bold portion of the provision cited above can be simplified to a phrase with the structure: whether caused in whole or in part by **A** or by B. In this case, A includes negligence other than gross negligence or intentional misconduct. B is a list of other covered items, which includes the owner's property and equipment.

The Court finds that this is the unambiguous meaning of the indemnity provision. Accordingly, Mariner is required to indemnify Trico for claims made by employees of its contractors for personal injury caused by the owner's property. Since that is the nature of Gates's claims, Mariner is required to indemnify Trico in this case.

**V. Conclusion**

For the reasons outlined above, Trico's Motion for Summary Judgment is **GRANTED** and

Mariner's Motion for Summary Judgment is **DENIED**. All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 22nd day of March, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge